**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE:   MARK A. IEZZI, | : | Chapter 13 |
| | : | |
| Debtor | : | Bky. No. 13-18103 ELF |
| | : | |

# O R D E R

    **AND NOW, WHEREAS:**

A.     Mark Iezzi ("the Debtor") owns or co-owns thirteen (13) pieces of real estate in Reading, PA.

B.     The City of Reading ("the City") has adopted an ordinance assessing a fee on owners of real property for hauling and disposing of recyclable materials.

C.     For a number of years, the Debtor has disputed the City's legal authority to assess the recycling fee.

D.     In **December 2010**, the City filed a claim of $1,878.34 for delinquent recycling and trash fees due on one of the Debtor's properties, 660 N. 12th Street, Reading, PA ("the Property"), for the years 1999 through 2008.

E.     In **June 2011**, the City filed a writ of <u>scire facias</u> against the Property. In response, the Debtor filed an affidavit of defense.

F.     After conducting a trial and considering post-trial memoranda in which the Debtor challenged, and the City defended, the City's legal authority for assessing the recycling fee, the Court of Common Pleas rejected the Debtor's defense.

G.     On **October 15, 2012**, the Court of Common Pleas, Berks County, entered judgment in

-1-

favor of the City in the amount of **$1,878.34** for trash and recycling fees.[1]

H.  The Debtor appealed the judgment to the Commonwealth Court of Pennsylvania.

I.  The Commonwealth Court held oral argument on the appeal on **September 13, 2013**.

*       *       *       *

J.  On **September 16, 2013**, three (3) days after the oral argument in the Commonwealth Court, the Debtor filed a chapter 13 bankruptcy case in this court.

K.  Neither party notified the Commonwealth Court that the Debtor had filed the bankruptcy case.[2]

L.  On **October 23, 2013**, forty (40) days after the Debtor's bankruptcy filing, the Commonwealth Court decided the appeal, reversing the Common Pleas Court decision.

M.  The Commonwealth Court held that the recycling fee imposed through the City's ordinance was invalid because the City's authority to assess the fee was preempted by the Solid Waste Management Act, 35 P.S. §§6018.101–6018.1003 and the Municipal Waste Planning Recycling, and Waste Reduction Act, 53 P.S. §§4000.101-4000.1904, neither of which authorizes a municipality to impose recycling fees.  See City of Reading v.

---

[1] The parties agree that the amount of the judgment was overstated. During the trial, the City withdrew its claim for trash fees and requested judgment in the amount of $1,405.17 for recycling fees only.

[2] The Debtor contends that his failure to give notice was an oversight. The City contends that it was unaware of the bankruptcy filing until some time after November 6, 2013. Both contentions are disputed by the parties.

Iezzi, 78 A.3d 1257, 1268 (Pa. Cmwlth. Ct. 2013).

N. **On November 6, 2013**, the City filed a Motion for Reargument in the Commonwealth Court followed, the next day, by a Motion for Stay Pending Appeal.[3]

O. On **November 14, 2013**, the Debtor filed a motion in the bankruptcy court titled: *Motion for Order That the Automatic Stay Is Not Applicable Or in the Alternative Motion for Relief from the Automatic Stay Nunc Pro Tunc to September 16, 2013 to Proceed with State Court Litigation to Determine the Authority of the City of Reading to Assess Recycling Fees* ("the Debtor's Motion"). (Doc. # 38).

P. **On November 14, 2013**, the City notified the Commonwealth Court of the Debtor's bankruptcy filing, the Debtor's Motion and the hearing scheduled on the Debtor's Motion in the bankruptcy court.

Q. On **December 6, 2013**, the City filed a motion in the bankruptcy court titled: *Motion for Order That the Judgment and Opinion of the Commonwealth Court of Pennsylvania Entered on October 23, 2013 Are Void Ab Initio and Request for Expedited Consideration* ("the City's Motion"). (Doc. # 47).

R. This court granted the City's request for an expedited hearing and a consolidated hearing on both motions was held and concluded on **December 11, 2013**.

S. Following the conclusion of the **December 11, 2013** hearing, the court established a briefing schedule with the final submission due on **January 14, 2014**.

---

[3] The City asserts that, as of November 6, 2013, it was still unaware of the Debtor's bankruptcy filing.

T.  The issues to be briefed are:

    (1) Is the pending state court proceeding excepted from the automatic stay, 11 U.S.C. §362(a), by 11 U.S.C. §362(b)(4)?

    (2) If no exception to the stay applies, is the Commonwealth Court's **October 23, 2013** order reversing the Common Pleas Court order void?

    (3) If no exception to the stay applies and the Commonwealth Court's **October 23, 2013** order is void, should the bankruptcy court grant the Debtor relief from the automatic stay for cause, see 11 U.S.C. §362(d), to resume prosecution of his appeal?

    (4) If the court grants the Debtor relief from the automatic stay, should such relief be prospective only or should the stay be annulled retroactiely, thereby validating the Commonwealth Court's **October 23, 2013** order? See In re Myers, 491 F.3d 120, 127-28 (3d Cir. 2007).

    \*    \*    \*    \*

U.  On **December 9, 2013**, while this court was awaiting the submission of the post-hearing briefs on the Debtor's Motion and the City's Motion, and after being notified of the bankruptcy filing, the Commonwealth Court denied the City's Motion for Reargument.

V.  The City advised the bankruptcy court of the Commonwealth Court's **December 9, 2013** order on **December 17, 2013**. (See Doc. # 54).

W.  This court held a telephone conference with counsel on **December 18, 2013**.

X.  During the telephone conference, the City pointed out that the Commonwealth Court's order denying its Motion for Reargument, if valid, "started the clock" on a further appeal and that its appeal deadline would expire on January 8, 2014. See Pa. R.A.P. 1113(a). Consequently, the City expressed a sense of urgency and requested a prompt ruling from

the bankruptcy court regarding the applicability of the automatic stay to the Commonwealth Court appeal and the validity (or voidness) of the Commonwealth Court Orders of October 23, 2013 and December 9, 2013.

Y. Alternatively, the City suggested, during the conference, that the court enter an order, affirmatively staying the state court proceeding, so as to obviate the need for the City to file what may be an unnecessary petition for allowance of appeal to the Pennsylvania Supreme Court.

Z. Following the **December 18, 2013** telephone conference, the court issued an order dated **December 18, 2013**, accelerating the briefing schedule on the City's Motion only.

AA. As a result, briefing on the City's Motion was completed on **December 23, 2013**.

BB. The briefing on the Debtor's Motion was not changed by the **December 18, 2013** order. The parties' final submission continues to be due on **January 14, 2014**.

\*        \*        \*        \*

CC. Upon further reflection, the court has concluded that, rather than issuing on expedited ruling on the City's Motion, the better course is to decide both the City's Motion and the Debtor's Motion at the same time.

DD. Iin order to conserve the resources of the parties and the court, to provide for the orderly administration of this bankruptcy case and to prevent the ongoing state court proceedings from defeating or impairing the jurisdiction of this court, it is appropriate to enter an order affirmatively staying the pending state court proceeding, pending this court's

determination of the issues raised by the City's Motion and the Debtor's Motion.[4]

EE.	In these circumstances, there is ample legal authority for this court to issue an order staying the pending state court proceedings. See 11 U.S.C. §105(a); <u>Alderwoods Group, Inc. v. Garcia</u>, 682 F.3d 958, 967 n.19 (11th Cir. 2012); <u>In re Parker</u>, 499 F.3d 616, 627-28 (6th Cir. 2007); <u>Matter of L&S Industries, Inc.</u>, 989 F.2d 929, 932 (7th Cir. 1993); <u>Value America, Inc. v. Kamena</u>, 265 B.R. 717, 719-20 (W.D. Va. 2001).

It is therefore **ORDERED** that, if not already **STAYED** pursuant to 11 U.S.C. §362(a), the state court proceeding captioned <u>City of Reading v. Iezzi</u>, No. 2069 CD 2012 (Pa. Cmwlth. Ct.) is **STAYED EFFECTIVE IMMEDIATELY** and until further order of this court.

**Date: <u>December 26, 2013</u>**

        **ERIC L. FRANK**
        **CHIEF U.S. BANKRUPTCY JUDGE**

---

[4] In addition, while no decision has been reached on the merits of either pending Motion, a possible outcome is a determination that the Commonwealth Court's **October 23, 2013** order was void, but also that it would be appropriate to annul the automatic stay retroactively. If that is the result, it would be anomalous for the two (2) determinations to be issued weeks apart.